601 N.W.2d 253 (1999)
1999 ND 195
In the Interest of A.M. and C.M., Minor Children.
Lonnie Olson, Ramsey Co. States Attorney, Petitioner and Appellee,
v.
K.M., Respondent and Appellant.
No. 990034.
Supreme Court of North Dakota.
October 20, 1999.
*254 Lonnie Olson, State's Attorney, Devils Lake, N.D., for petitioner and appellee. Submitted on briefs.
William Robert Hartl, Rugby, N.D., for respondent and appellant. Submitted on briefs.
VANDE WALLE, Chief Justice.
[¶ 1] K.M. appealed from a juvenile court order confirming a judicial referee's findings of fact, conclusions of law, and recommendation to terminate K.M.'s parental rights with respect to C.M. and A.M. We conclude there is clear and convincing evidence warranting termination of parental rights, and we affirm.
[¶ 2] By petition of April 6, 1998, Lonnie Olson, the Ramsey County State's Attorney, sought an order terminating K.M.'s parental rights with respect to her children, C.M., who was born on July 18, 1985, and A.M., who was born on August 4, 1994. A hearing on the petition was conducted by a judicial referee, who found:

*255 36 .... it is clear from the evidence that [K.M.] has not resolved her chemical addiction issues and has not maintained a stable and safe home.... She appears to be no more ready to have these children in her home now than she was when they were removed in 1996.
....
42. The children are currently deprived in that their mother is not able to provide the care for the children as is necessary for their physical, mental and emotional health and is not due primarily to the financial needs of [K.M.].
....
48. The conditions and causes of the deprivation are likely to continue and will not be remedied in the foreseeable future.
....
51. Both of the children are in need of a stable and safe home environment. This cannot be provided by their parents. As a result the children are suffering, or will probably suffer, serious physical, mental or emotional harm.
[¶ 3] The judicial referee recommended termination of K.M.'s parental rights with respect to C.M. and A.M. The juvenile court confirmed the referee's findings and recommendations.
[¶ 4] K.M. contends the State failed to prove termination of her parental rights is justified under N.D.C.C. § 27-20-44, arguing C.M. and A.M. are not deprived, deprivation will not continue, and C.M. and A.M. are not suffering, and will not suffer, serious physical, mental, moral or emotional harm in the future.
[¶ 5] Section 27-20-44(1)(b), N.D.C.C. (1969) provides the juvenile court may terminate the parental rights of a parent with respect to a child if:
The child is a deprived child and the court finds that the conditions and causes of the deprivation are likely to continue or will not be remedied and that by reason thereof the child is suffering or will probably suffer serious physical, mental, moral, or emotional harm....
Under N.D.C.C. § 27-20-02, a deprived child is defined as a child "without proper parental care or control, subsistence, education as required by law, or other care or control necessary for the child's physical, mental, or emotional health, or morals, and the deprivation is not due primarily to the lack of financial means of the child's parents."
[¶ 6] Chapter 27-20, N.D.C.C., is construed "[t]o provide for the care, protection, and wholesome moral, mental, and physical development of children" and a child will be separated "from his parents only when necessary for his welfare or in the interest of public safety." N.D.C.C. § 27-20-01. We recognize the primary purpose of N.D.C.C. ch. 27-20 is to protect the welfare of children. In Interest of N.W., 531 N.W.2d 303, 306 (N.D.1995).
[¶ 7] Section 27-20-44(1)(b), N.D.C.C. (1969)[1], creates a three-part test for terminating parental rights: 1) Is the child deprived? 2) Are the conditions and causes of the deprivation likely to continue? 3) Is the child suffering, or will the child in the future probably suffer serious physical, mental, moral, or emotional harm? In Interest of A.S., 1998 ND 181, ¶ 15, 584 N.W.2d 853. "The state must prove all three parts by clear and convincing evidence." Id. While we are not bound by the juvenile court's findings, we give them appreciable weight. In Interest of J.A.L., 432 N.W.2d 876, 878 (N.D.1988). Our review of the juvenile court's decision is similar to trial de novo, but we give deference to the juvenile court's decision, because that court had the opportunity to observe the candor and demeanor of the witnesses. A.S., at ¶ 13. Prognostic evidence *256 forming the basis for a reasonable prediction about future behavior may be considered in determining if deprivation is likely to continue. A.S., at ¶ 19. See also In Interest of L.F., 1998 ND 129, ¶ 16, 580 N.W.2d 573 ("Evidence of past or present deprivation, however, is not alone sufficient to terminate parental rights, rather there must be prognostic evidence."). "While lack of parental cooperation by itself is insufficient, it is pertinent in finding that deprivation will continue." In Interest of A.M.A., 439 N.W.2d 535, 538 (N.D. 1989).
[¶ 8] No productive purpose would be served by detailing the evidence in the record in this case at length. As in McBeth v. M.D.K., 447 N.W.2d 318, 319 (N.D.1989), K.M. and her children "have been involved with child protection services several times in other jurisdictions." A brief summary of the evidence reveals K.M. and her children have received child protection services in Washington, Minnesota, North Dakota, South Dakota, and Florida. K.M. has been ordered to complete alcohol treatment programs, but has moved from state to state without doing so, and has continued to consume alcohol. At the time of the proceeding before the judicial referee, A.M. had spent 35 of her first 51 months in foster care and C.M. had spent over one-third of her life in homes other than with her parents. A hospital evaluation of C.M. revealed "significant evidence of anxiety," and recommended intensive individual therapy and a stable and consistent home environment. C.M.'s therapist found C.M. "very scared, having no trust in others and to have an intense feeling of threat that she would suffer bodily harm" and "not able to handle a lot of change and that it is difficult for her to be bounced back and forth." In recent years, K.M. has had only very limited and sporadic contact with C.M. and A.M. The evidence shows "unwillingness or inability to cooperate in eliminating the conditions of deprivation and providing a proper home for her children." In Interest of N.W., 531 N.W.2d at 307.
[¶ 9] There is evidence of some efforts by K.M. to overcome her problems, but the results of those efforts were not successful, despite the assistance from several social service agencies and are insufficient to predict the future well-being of these children. In view of the length of time the deprivation has existed, we cannot allow the children to remain in this indeterminate status midway between foster care and the obvious need for permanent placement.
[¶ 10] From our review of the record, we conclude there is clear and convincing evidence C.M. and A.M. are deprived, and that the conditions and causes of the deprivation are likely to continue and result in the children suffering serious physical, mental, moral, or emotional harm, warranting termination of K.M.'s parental rights with respect to C.M. and A.M.
[¶ 11] The decision of the juvenile court is affirmed.
[¶ 12] DALE V. SANDSTROM, WILLIAM A. NEUMANN, MARY MUEHLEN MARING, CAROL RONNING KAPSNER, JJ., concur.
NOTES
[1] Section 27-20-44, N.D.C.C., was amended effective August 1, 1999. The hearing in this case was held before August 1, 1999.