# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 123

Interest of A.C.

| | |
|---|---|
| State of North Dakota, | Petitioner and Appellee |
| v. | |
| A.C., Child; L.C., Mother, | Respondents |
| and | |
| A.L., Father, | Respondent and Appellant |

## No. 20220081

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Stephanie R. Hayden, Judge.

REMANDED.

Opinion of the Court by Jensen, Chief Justice.

Diane K. Davies-Luger, Assistant State's Attorney, Fargo, ND, for petitioner and appellee.

Kylie M. Oversen, Fargo, ND, for respondent and appellant.

**Jensen, Chief Justice.**

[¶1]   A.L. appeals from an order terminating his parental rights over A.C. A.L. argues the juvenile court erred in finding the Cass County Human Services Zone ("Cass County") engaged in active efforts to prevent the breakup of an Indian family as required under the Indian Child Welfare Act ("ICWA"). A.L. also argues the State failed to prove beyond a reasonable doubt that continued custody of A.C. by A.L. would likely result in serious harm to A.C. We retain jurisdiction and remand for further factual findings on the ICWA requirements and North Dakota law as codified by N.D.C.C. § 27-20.3-19.

I

[¶2]   Although paternity testing established A.L. is the most likely father of A.C., A.L.'s paternity of A.C. has never been formally established. A.L. is a member of the Turtle Mountain Band of Chippewa Indians. According to an affidavit of a Turtle Mountain representative, A.C. is eligible for tribal enrollment through A.L.

[¶3]   In August 2021, Cass County petitioned for termination of A.L.'s parental rights over A.C. The juvenile court found A.C. was a child in need of protection under N.D.C.C. § 27-20.3-20. The court further found that ICWA applied to this case and active efforts had been made to prevent the breakup of the Indian family. The court concluded that it is in A.C.'s best interests for A.L.'s parental rights to be terminated.

II

[¶4]   A.L. argues the juvenile court clearly erred in finding Cass County engaged in active efforts to prevent the breakup of the Indian family and in failing to provide a finding that absent termination of A.L.'s parental rights there would be serious damage to the Indian child. Both are required findings under ICWA and the corresponding codification of ICWA in North Dakota statutory law. Although the finding of whether ICWA applies to A.C. has not

1

been challenged on appeal, we find it necessary to consider the issue given the inconsistencies in the court's order.

[¶5] When a juvenile court makes factual findings in a termination of parental rights proceeding, this Court reviews those findings using a clearly erroneous standard of review. *Interest of A.L.E.*, 2018 ND 257, ¶ 4, 920 N.W.2d 461. "Under the clearly erroneous standard of review, we affirm the decision of the juvenile court unless it is induced by an erroneous view of the law, if there is no evidence to support it, or if, on the entire record, we are left with a definite and firm conviction a mistake has been made." *Id.*

[¶6] The juvenile court analyzed this termination of parental rights under N.D.C.C. § 27-20.3-20. Under section 27-20.3-20, N.D.C.C., a court may terminate the rights of a parent if:

  a. The parent has abandoned the child;
  b. The child is subjected to aggravated circumstances;
  c. The child is in need of protection and the court finds: . . . .

[¶7] In termination of parental rights proceedings initiated under N.D.C.C. § 27-20.3-20, the agency must prove the statutory requirements by clear and convincing evidence. *Interest of C.R.*, 1999 ND 221, ¶ 4, 602 N.W.2d 520; N.D.C.C. § 27-20.3-20(2).

[¶8] We have previously considered the interplay of ICWA and state law in termination of parental rights cases stating, "In addition to state law requirements, the requirements of the Indian Child Welfare Act, 25 U.S.C. § 1912, must be met in cases involving an Indian child as defined by the Act." *Interest of K.B.*, 2021 ND 106, ¶ 4, 961 N.W.2d 293 (citing 25 U.S.C. § 1903(4) and *Interest of K.S.D.*, 2017 ND 289, ¶ 17, 904 N.W.2d 479).

> No termination of parental rights may be ordered in such proceeding in the absence of a determination, supported by evidence beyond a reasonable doubt, including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child.

*K.B.*, at ¶ 4 (quoting 25 U.S.C. § 1912(f)). "When Indian children are involved in proceedings such as this, state and federal law create a dual burden of proof for the party seeking termination of parental rights." *K.S.D.*, at ¶ 6. "The party seeking termination of parental rights must prove all elements by clear and convincing evidence." *K.B.*, at ¶ 4 (citing *K.S.D.*, at ¶ 7).

[¶9]   The North Dakota Legislature recently enacted state law standards for termination of parental rights when the child is Indian, codifying and consistent with the federal ICWA standards. N.D.C.C. § 27-20.3-19. While the parties in this case frame the issues under the federal ICWA standards, we note that N.D.C.C. § 27-20.3-19 was effective in July 2021 and when this termination proceeding was initiated.

[¶10] North Dakota's law and ICWA provide definitions of "parent" and "child" when considering the termination of parental rights involving Indian families. N.D.C.C. § 27-20.3-19(1)(d) and (h). North Dakota's law provides that a "'Parent' means any biological parent or parents of an Indian child or any Indian individual who has lawfully adopted an Indian child, including adoptions under tribal law or custom. The term does not include the unwed father if paternity has not been acknowledged or established." N.D.C.C. § 27-20.3-19(1)(h). "'Indian child' means any unmarried individual who is under the age of eighteen and is either a member of an Indian tribe or is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." N.D.C.C. § 27-20.3-19(1)(d).

[¶11] The federal statutory requirements are nearly identical to the state law requirements. "'[P]arent' means any biological parent or parents of an Indian child or any Indian person who has lawfully adopted an Indian child, including adoptions under tribal law or custom. It does not include the unwed father where paternity has not been acknowledged or established[.]" 25 U.S.C. § 1903(9). "'Indian child' means any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe[.]" 25 U.S.C. § 1903(4).

[¶12] We have previously reviewed the meaning of an Indian child under the federal framework:

> For ICWA to apply, the child must qualify as an "Indian child." *See* [25 U.S.C. § 1903(1)]. The mother concedes the children are not members of an Indian tribe under 25 U.S.C. § 1903(4)(a). As a result, application of ICWA to this case hinges upon whether the mother or father is a member of an Indian tribe and whether the children are eligible for membership in an Indian tribe.
>
> ....
>
> Whether the father is a member of the Round Valley Indian Tribes in California involves findings of fact and questions of law. *See Adoption of C.D.,* 2008 ND 128, ¶ 19, 751 N.W.2d 236 ("[I]t is for the state court to . . . make the legal determination whether the child is an Indian child . . . thereby triggering application of ICWA. Thus, the court must initially determine whether a tribe has concluded that the child or parent is a member or is eligible for membership in the tribe, and that determination by the trial court is a finding of fact."). When presented with a mixed question of law and fact, we review the questions of law subject to the de novo standard of review and the findings of fact subject to the clearly erroneous standard of review. *See Schirado v. Foote,* 2010 ND 136, ¶ 7, 785 N.W.2d 235.

*Interest of R.L.-P.*, 2014 ND 28, ¶¶ 41, 43, 842 N.W.2d 889.

[¶13] The juvenile court found ICWA applies to A.C. A representative of the Turtle Mountain Band of Chippewa Indians provided an affidavit that was accepted into evidence by the court stating that A.C. is an Indian child through A.L. and would be eligible to enroll for membership in the tribe. We have previously deferred to the tribe's determinations of its own membership and eligibility in ICWA proceedings:

> An Indian tribe's determinations of its own membership and eligibility for membership are binding and conclusive in an ICWA proceeding. The rule is premised upon a tribe's inherent power to define and determine its own membership, which is central to its existence as an independent political community. Therefore, in determining whether ICWA applies, state courts may not second-

4

guess the internal decision-making processes of the tribe in regard to its membership determination.

*Interest of R.L.-P.*, 2014 ND 28, ¶ 44 (quoting *Adoption of C.D.*, 2008 ND 128, ¶ 23, 751 N.W.2d 236). We defer to the tribe's determination A.C. is an Indian child through A.L. and would be eligible to enroll for membership in the tribe.

[¶14] Consistent with the tribe's determination, the juvenile court found that A.C. is an Indian child. Having found A.C. to be an Indian child, the court applied the heightened ICWA standards. However, the juvenile court also found A.L. has not established paternity over A.C. Both North Dakota law and ICWA exclude from the definition of Indian parent an "unwed father if paternity has not been acknowledged or established." Under North Dakota's new statutory provisions and under ICWA, there cannot be an "Indian child" without an Indian "Parent" and without an "Indian child" neither ICWA nor the heightened review under North Dakota law apply to this case. The inconsistent findings that A.C. is an Indian child and paternity has not been established with respect to A.L. represent a misapplication of the law and are therefore clearly erroneous.

III

[¶15] Without consistent and clear factual findings supporting the application of ICWA and North Dakota heightened review for Indian families we are unable to determine the remaining issues raised by A.L. Whether Cass County engaged in active efforts to prevent the breakup of an Indian family and whether the State failed to prove beyond a reasonable doubt that continued custody of A.C. by A.L. would likely result in serious harm to A.C. are both dependent upon whether the heightened ICWA and State standards apply to this case. We retain jurisdiction and remand this case for clarification of the findings and, if necessary, additional evidentiary proceedings to resolve the inconsistencies.

[¶16] Jon J. Jensen, C.J.

Gerald W. VandeWalle

Daniel J. Crothers

Lisa Fair McEvers

Jerod E. Tufte