# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2022 ND 131

In the Interest of A.P., a child

| | |
|---|---|
| State of North Dakota, on behalf of North Star Human Service Zone, | Petitioner and Appellee |
| v. | |
| A.P., child, B.P., father, | Respondents |
| and | |
| S.P., mother, | Respondent and Appellant |

### No. 20220129

In the Interest of E.P., a child

| | |
|---|---|
| State of North Dakota, on behalf of North Star Human Service Zone, | Petitioner and Appellee |
| v. | |
| E.P., child, B.P., father, | Respondents |
| and | |
| S.P., mother, | Respondent and Appellant |

### No. 20220130

In the Interest of K.P., a child

State of North Dakota, on behalf of
North Star Human Service Zone,    Petitioner and Appellee

     v.

K.P., child, B.P., father,    Respondents

     and

S.P., mother,    Respondent and Appellant

---

No. 20220131

---

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Benjamen J. Johnson, Judge.

AFFIRMED.

Per Curiam.

Nathan K. Madden, Assistant State's Attorney, Williston, ND, for petitioner and appellee; submitted on brief.

S.P., self-represented, Watford City, ND, respondent and appellant; submitted on brief.

**Per Curiam.**

[¶1] S.P., the mother, appeals from juvenile court orders terminating her parental rights to her children, A.P., E.P., and K.P. S.P. argues that the district court erred in finding the causes and conditions of deprivation were likely to continue; erred in finding the children were suffering and would continue to suffer serious physical, mental, moral, or emotional harm unless her parental rights were terminated; and erred in finding reasonable efforts were made to reunify her with the children. Because the district court's findings that the children were deprived and in foster care more than 450 out of the previous 660 nights were not clearly erroneous, the court did not abuse its discretion terminating parental rights, we affirm.

[¶2] The juvenile court found the children are in need of protection and the children had been in the care, custody, and control of North Star Human Services Zone for 1,233 nights as of the time of the hearing. *See* N.D.C.C. § 27-20.3-20(1)(c)(2) (parental rights may be terminated if the court determines the children are in need of protection and "[t]he child has been in foster care, in the care, custody, and control of the department or human service zone for at least four hundred fifty out of the previous six hundred sixty nights."). The court also found reasonable efforts were made to reunify S.P. and the children. We conclude the court's findings are supported by clear and convincing evidence and are not clearly erroneous. *See Interest of A.L.E.*, 2018 ND 257, ¶ 4, 920 N.W.2d 461 (the elements required for termination of parental rights must be established by clear and convincing evidence and the court's findings are reviewed under the clearly erroneous standard of review). We also conclude the court did not abuse its discretion when it terminated S.P.'s parental rights. *See Interest of B.H.*, 2018 ND 178, ¶ 4, 915 N.W.2d 668 (the court has discretion in deciding whether termination of parental rights would promote the children's welfare when the petitioner has met its burden).

[¶3] Based on our determination under N.D.C.C. § 27-20.3-20(1)(c)(2), nights in custody, it is not necessary to address the juvenile court's findings on harm

1

to the children. *Interest of R.L.-P.*, 2014 ND 28, ¶ 23, 842 N.W.2d 889 ("Because a finding that the children have been in foster care more than 450 out of the previous 660 nights, along with a finding of deprivation, is sufficient to terminate parental rights under N.D.C.C. § 27-20-44(1)(c) [now N.D.C.C. § 27-20.3-20(1)(c)], it is unnecessary to address the parents' challenge to the finding that the conditions and causes of the deprivation will likely continue.").

[¶4]   We summarily affirm the orders terminating S.P.'s parental rights under N.D.R.App.P. 35.1(a)(2) and (4).

[¶5]   Jon J. Jensen, C.J.
       Gerald W. VandeWalle
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte