# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 169

Interest of A.C.

State of North Dakota,                                   Petitioner and Appellee

 v.

A.C., Child; L.C., Mother,                                      Respondents

 and

A.L., Father,                                   Respondent and Appellant

## No. 20220081

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Stephanie R. Hayden, Judge.

AFFIRMED.

Per Curiam.

Diane K. Davies-Luger, Assistant State's Attorney, Fargo, ND, for petitioner and appellee.

Kylie M. Oversen, Fargo, ND, for respondent and appellant.

**Per Curiam.**

[¶1]   A.L. appealed from an order terminating parental rights over A.C. A.L. argued the juvenile court erred in finding the Cass County Human Services Zone engaged in active efforts to prevent the breakup of an Indian family as required by the Indian Child Welfare Act ("ICWA"). A.L. also argued the State failed to prove beyond a reasonable doubt that continued custody of A.C. by A.L. would likely result in serious harm to A.C. In *Interest of A.C.*, 2022 ND 123, 975 N.W.2d 567, we retained jurisdiction and remanded for further factual findings on ICWA requirements and North Dakota law as codified by N.D.C.C. § 27-20.3-19.

[¶2]   On remand, the juvenile court found ICWA does not apply to A.C. because she is not an Indian Child as defined by the act under N.D.C.C. § 27-20.3-19(1)(d) and (h) and 25 U.S.C. § 1903 (4) and (9). The court found ICWA does not apply to A.C. in this case, primarily because a legal relationship has not been established between A.C. and A.L. due to A.L.'s failure to have his paternity adjudicated. A.L. is not listed on the birth certificate of A.C. and has failed to establish legal paternity. A.C. cannot qualify for enrollment with the Turtle Mountain Band of Chippewa Indians on her mother's standing alone. The court also found the continued custody of A.C. by either parent would likely result in serious emotional or physical damage to A.C. Based on these findings, the court found A.C. was not an Indian Child so ICWA did not apply and concluded A.L.'s parental rights should be forever terminated. We conclude the decision of the juvenile court is supported by findings meeting the required standard of proof and the court did not abuse its discretion in terminating A.L.'s parental rights. We summarily affirm under N.D.R.App.P. 35.1(a)(2) and (4).

[¶3]   Jon J. Jensen, C.J.
    Gerald W. VandeWalle
    Daniel J. Crothers

Lisa Fair McEvers

Jerod E. Tufte