# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 118

In the Interest of I.C., a child

Lyndsey Tungseth, Cass County
Human Service Zone,                                           Petitioner and Appellee

    v.

I.C., a child; D.A., father; John Doe, father,                           Respondents

    and

S.C., mother;                                          Respondent and Appellant

### No. 20230135

In the Interest of I.C., a child

Lyndsey Tungseth, Cass County
Human Service Zone,                                           Petitioner and Appellee

    v.

I.C., a child;                                                      Respondent

    and

S.C., mother;                                          Respondent and Appellant

### No. 20230136

In the Interest of I.C., minor child

Lyndsey Tungseth, Cass County
Human Service Zone,                                    Petitioner and Appellee

     v.

I.C., child; John Doe, father; C.A., father;

P.G., father; S.P., father;                            Respondents

     and

S.C., mother;                                          Respondent and Appellant

---

No. 20230137

---

In the Interest of I.C., minor child

Lyndsey Tungseth, Cass County
Human Service Zone,                                    Petitioner and Appellee

     v.

I.C., child;                                           Respondent

     and

S.C., mother;                                          Respondent and Appellant

---

No. 20230138

---

Appeal from the Juvenile Court of Cass County, East Central Judicial District, the Honorable Daniel E. Gast, Judicial Referee.

AFFIRMED.

Per Curiam.

Rebecca R. Jund, Assistant State's Attorney, Fargo, ND, for petitioner and appellee.

Richard E. Edinger, Fargo, ND, for respondent and appellant.

## Interest of I.C. & I.C.
## Nos. 20230135, 20230136, 20230137, 20230138

**Per Curiam.**

[¶1]  S.C. appeals from a juvenile court judgment terminating her parental rights to I.C. and I.C. S.C. argues the court abused its discretion by not following its order for disposition dated April 5, 2022, finding the children were in need of protection and continuing foster care rather than terminating her parental rights. Under N.D.C.C. § 27-20.3-20(1), a court may terminate parental rights if the children are in need of protection and have been in the custody of the human services zone for 450 out of the previous 660 nights.

[¶2]  The juvenile court did not err by relying on N.D.C.C. § 27-20.3-26(7) to review the prior disposition that continued the children's placement in foster care. The court's findings of children in need of protection and nights in foster care are not clearly erroneous. *See Interest of A.C.,* 2022 ND 123, ¶ 5, 975 N.W.2d 567 (the clearly erroneous standard of review applies to factual findings made in a termination of parental rights proceeding). As a result, the juvenile court did not abuse its discretion terminating S.C.'s parental rights. We summarily affirm under N.D.R.App.P. 35(1)(a)(2) and (4).

[¶3]   Jon J. Jensen, C.J.
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte
       Douglas A. Bahr