# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 137

In the Interest of B.R., a child

| | |
|---|---|
| Lori Houseman, L.S.W., Cass County Human Service Zone, | Petitioner and Appellee |
| v. | |
| B.G., father; A.R., mother, | Respondents and Appellants |
| and | |
| John Doe, father; B.R., a child, | Respondents |

## No. 20230186

In the Interest of M.G., a child

| | |
|---|---|
| Lori Houseman, L.S.W., Cass County Human Service Zone, | Petitioner and Appellee |
| v. | |
| B.G., father; A.R., mother, | Respondents and Appellants |
| and | |
| M.G., a child, | Respondent |

## No. 20230187

Appeals from the Juvenile Court of Cass County, East Central Judicial District, the Honorable Daniel E. Gast, Judicial Referee.

AFFIRMED.

Per Curiam.

Patrick E. Fylling, Assistant State's Attorney, Fargo, N.D., for petitioner and appellee.

Jay R. Greenwood, Fargo, N.D., for respondent and appellant B.G.

Kiara C. Kraus-Parr, Grand Forks, N.D., for respondent and appellant A.R.

**Interest of B.R. & M.G.**
**Nos. 20230186-20230187**

**Per Curiam.**

[¶1] B.G. and A.R. appeal from juvenile court orders terminating their parental rights to B.R. and M.G. B.G. argues the court erred in terminating his parental rights and finding reasonable efforts were made to reunify the family. A.R. argues the court erred in finding that the conditions and causes of the need for protection are likely to continue and that the children will probably suffer serious physical, mental, moral, or emotional harm without termination.

[¶2] The juvenile court terminated A.R.'s parental rights after finding she subjected B.R. and M.G. to aggravated circumstances under N.D.C.C. § 27-20.3-20(1)(b). A.R. admitted to subjecting M.G. to prenatal exposure to chronic or severe use of alcohol or a controlled substance and allowing B.R. to be present in an environment subjecting B.R. to exposure to a controlled substance, chemical substance, or drug paraphernalia. A.R. does not challenge these findings, and we conclude they are not clearly erroneous. *See Interest of A.C.*, 2022 ND 123, ¶ 5, 975 N.W.2d 567 (applying clearly erroneous standard of review to factual findings in a termination of parental rights proceeding). Because the court may terminate parental rights under N.D.C.C. § 27-20.3-20(1)(b), we need not determine whether the court erred in finding the conditions and causes of the need for protection are likely to continue under N.D.C.C. § 27-20.3-20(1)(c)(1).

[¶3] The juvenile court terminated B.G.'s parental rights after finding the children are in need of protection and have been in the care, custody, and control of the human service zone for at least 450 out of the previous 660 nights. N.D.C.C. § 27-20.3-20(1)(c)(2). B.G. does not challenge these findings, and we conclude they are not clearly erroneous.

[¶4] We further conclude the juvenile court did not clearly err in finding reasonable efforts were made under N.D.C.C. § 27-20.3-18 to reunite the children and their family and to maintain family connections. The court did

1

not abuse its discretion by terminating the parental rights of B.G. and A.R. We summarily affirm under N.D.R.App.P. 35.1(a)(2) and (4).

[¶5]   Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr