# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 158

In the Interest of A.M., a child

| | |
|---|---|
| Grand Forks County Human Service Zone, | Petitioner and Appellee |
| v. | |
| A.M., child, C.M., mother, | Respondents |
| and | |
| B.M., father, | Respondent and Appellant |

## No. 20230209

In the Interest of M.M., a child

| | |
|---|---|
| Grand Forks County Human Service Zone, | Petitioner and Appellee |
| v. | |
| M.M, child, C.M., mother, | Respondents |
| and | |
| B.M., father, | Respondent and Appellant |

## No. 20230210

Appeal from the Juvenile Court of Grand Forks County, Northeast Central Judicial District, the Honorable John A. Thelen, Judge.

AFFIRMED.

Per Curiam.

Zachary M. Ista, Assistant State's Attorney, Grand Forks, ND, for petitioner and appellee; submitted on brief.

Justin M. Balzer, Bismarck, ND, for respondent and appellant; submitted on brief.

**Interest of A.M. and M.M.**
**Nos. 20230209-20230210**

**Per Curiam.**

[¶1]   B.M., the father, appeals from the juvenile court's amended findings of fact, conclusions, and order terminating his parental rights to the minor children, A.M. and M.M. The order also terminated the parental rights of the children's mother, C.M. The court found the children were in need of protection; the conditions causing the need for protection were likely to continue and for that reason the children are suffering or will probably suffer serious physical, mental, moral, or emotional harm; and the children had been in foster care for at least 450 out of the previous 660 nights. N.D.C.C. § 27-20.3-20(1)(c)(1) and (2). B.M. argues the court erred by finding there was clear and convincing evidence the parental rights of B.M. and C.M. should be terminated.

[¶2]   On this record, the juvenile court's findings of fact are not clearly erroneous; the court did not abuse its discretion in terminating parental rights. We summarily affirm under N.D.R.App.P. 35.1(a)(2), (4), and (7); *see Interest of R.L.-P.*, 2014 ND 28, ¶ 23, 842 N.W.2d 889 ("Because a finding that the children have been in foster care more than 450 out of the previous 660 nights, along with a finding of deprivation [*now,* the children are 'in need of protection'], is sufficient to terminate parental rights under N.D.C.C. § 27-20-44(1)(c) [*now* N.D.C.C. § 27-20.3-20(1)(c)], it is unnecessary to address the parents' challenge to the finding that the conditions and causes of the deprivation will likely continue."); *see also Interest of E.H.*, 2022 ND 200, ¶ 2, 981 N.W.2d 916; *Interest of J.G.*, 2022 ND 167, ¶ 2, 979 N.W.2d 913; *Interest of A.P.*, 2022 ND 131, ¶ 3, 976 N.W.2d 244.

[¶3]   Jon J. Jensen, C.J.
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte
      Douglas A. Bahr

1