FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
AUGUST 17, 2023
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 157

In the Interest of A.B., a child

Leslie Johnson, L.B.S.W., Cass
County Human Service Zone,                    Petitioner and Appellee

v.

A.B., a child,                                              Respondent

and

J.S., mother,                              Respondent and Appellant

## No. 20230197

In the Interest of A.C., minor child

Leslie Johnson, L.B.S.W., Cass
County Human Service Zone,                    Petitioner and Appellee

v.

A.C., a child; D.C., father,                          Respondents

and

J.S., mother,                              Respondent and Appellant

## No. 20230198

In the Interest of A.W., minor child

Tony Jablonsky, Cass County
Human Service Zone,                                    Petitioner and Appellee

     v.

A.W., a child; A.W., father,                                    Respondents

     and

J.S., mother,                                    Respondent and Appellant

—————————

No. 20230199

—————————

Appeal from the Juvenile Court of Cass County, East Central Judicial District, the Honorable Daniel E. Gast, Judicial Referee.

AFFIRMED.

Per Curiam.

Rebecca R. Jund, Assistant State's Attorney, Fargo, N.D., for petitioner and appellee; submitted on brief.

Elizabeth J. Sundby, Fargo, N.D. for respondent and appellant; submitted on brief.

## Interest of A.B., A.C. & A.W.
## Nos. 20230197, 20230198 & 20230199

**Per Curiam.**

[¶1]   J.S. appeals from a juvenile court order terminating her parental rights to A.B., A.C., and A.W. She argues the court abused its discretion by terminating her parental rights.

[¶2]   The juvenile court found the children have been subjected to aggravating circumstances as defined in N.D.C.C. § 27-20.3-01(3)(h) when J.S. allowed the children to be present in an environment subjecting them to exposure to controlled substances. N.D.C.C. § 27-20.3-20(1)(b). The court also found the children are in need of protection, and the children have been in the care, custody, and control of the human service zone for at least 450 out of the previous 660 nights. N.D.C.C. § 27-20.3-20(1)(c)(2). J.S. does not challenge these findings. *See Interest of B.R.,* 2023 ND 137, ¶ 2 ("Because the court may terminate parental rights under N.D.C.C. § 27-20.3-20(1)(b), we need not determine whether the court erred in finding the conditions and causes of the need for protection are likely to continue under N.D.C.C. § 27-20.3-20(1)(c)(1)."). We conclude the district court did not abuse its discretion by terminating the parental rights of J.S. We summarily affirm under N.D.R.App.P. 35.1(a)(4).

[¶3]   Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr