# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 61

In the Interest of S.S.C., Child

State of North Dakota,                                    Petitioner and Appellee

    v.

S.S.C., child; and

G.S.C., father;                                                              Respondents

    and

L.S.C., mother,                                          Respondent and Appellant

## No. 20240053

Appeal from the Juvenile Court of Ward County, North Central Judicial District, the Honorable Kelly A. Dillon, Judicial Referee.

AFFIRMED.

Per Curiam.

Rozanna C. Larson, State's Attorney, Minot, ND, for petitioner and appellee; submitted on brief.

Erica L. Chisholm, Wahpeton, ND, for respondent and appellant; submitted on brief.

**Interest of S.S.C.**
**No. 20240053**

**Per Curiam.**

[¶1]   L.S.C. appeals from a juvenile court order terminating her parental rights to S.S.C. The court found it was undisputed S.S.C. had been in foster care for a total of 724 continuous nights at the time of the hearing, and:

> "That the totality of circumstances in this case, including the history of drug use, the lack of consistent involvement in treatment and cooperation with the Human Service Zone, the length of time before a possible reunification can take place, and the prognostic evidence of the likelihood that the parents' current inability to care for the child will continue into the foreseeable future, force the Court to the conclusion that the only real solution in this matter is a termination of parental rights."

[¶2]   L.S.C. argues the evidence does not support findings that S.S.C. is in need of protection and the conditions and causes of the need for protection are likely to continue. After reviewing the record, we conclude the juvenile court's findings are not clearly erroneous and the court did not abuse its discretion when it terminated L.S.C.'s parental rights. *See Interest of A.C.*, 2022 ND 123, ¶ 5, 975 N.W.2d 567 (the clearly erroneous standard of review applies to factual findings made in a termination of parental rights proceeding); *see also Interest of A.P.*, 2022 ND 131, ¶ 2, 976 N.W.2d 244 (whether terminating parental rights would promote the child's welfare is left to the court's discretion when the required elements are proven by clear and convincing evidence). We summarily affirm under N.D.R.App.P. 35.1(a)(2) and (4).

[¶3]   Jon J. Jensen, C.J.
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte
       Douglas A. Bahr

1