# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2024 ND 177

In the Interest of J.M.P., IV, a child

Grand Forks County Human Service Zone,                     Petitioner and Appellee

    v.

J.M.P, IV, a child; L.J., mother,                                        Respondents

    and

J.M.P., III, father,                                          Respondent and Appellant

### No. 20240223

Appeal from the Juvenile Court of Grand Forks County, Northeast Central Judicial District, the Donald Hager, Judge.

AFFIRMED.

Per Curiam.

Samuel Meidinger (argued), under the Rule on Limited Practice of Law, and Carmell Mattison (appeared), Assistant State's Attorney, Grand Forks, ND, for petitioner and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for respondent and appellant.

**Per Curiam.**

[¶1]   J.M.P. III appeals from a juvenile court order terminating his parental rights to his child, arguing the juvenile court erred when it found there is clear and convincing evidence that the conditions and causes of the need for protection to the child are likely to continue.

[¶2]   The juvenile court's findings are not clearly erroneous and the court did not abuse its discretion when it terminated J.M.P. III's parental rights. *See Interest of A.C.*, 2022 ND 123, ¶ 5, 975 N.W.2d 567 (stating the clearly erroneous standard of review applies to factual findings made in a termination of parental rights proceeding); and *Interest of A.P.*, 2022 ND 131, ¶ 2, 976 N.W.2d 244 (stating the decision whether to terminate parental rights is left to the court's discretion when the statutory requirements are proven by clear and convincing evidence). We summarily affirm under N.D.R.App.P. 35.1(a)(2) and (4).

[¶3]   We note both parties cited the Court to a partially incorrect standard of review. The appellant stated, "The Supreme Court, on appeal, reviews the juvenile court's decision regarding termination of parental rights and examine[s] the evidence in a manner similar to a trial de novo. *In re A.M.*, 1999 ND 195, ¶ 7, 601 N.W.2d 253 . . . ." The appellee stated, "On appeal, this Court may examine the evidence presented to the juvenile court in a manner similar to a trial de novo. *In Interest of A.S.*, 1998 ND 181, ¶ 13, 584 N.W.2d 853, 856." These statements ignore a change in law made 20 years ago:

> "Effective March 1, 2004, this Court amended N.D.R.Civ.P. 52(a) to provide that findings of fact in juvenile matters shall not be set aside on appeal unless clearly erroneous. *Interest of T.T.*, 2004 ND 138, ¶ 5, 681 N.W.2d 779. That amendment has effectively overruled cases applying the procedure for de novo review of juvenile matters. *See, e.g., Interest of D.Q.*, 2002 ND 188, ¶ 9, 653 N.W.2d 713; *Interest of C.R.C.*, 2001 ND 83, ¶ 5, 625 N.W.2d 533; *Interest of M.L.*, 239 N.W.2d 289, 291 (N.D. 1976); *In re A.N.*, 201 N.W.2d at 120–21; *In re J.Z.*, 190 N.W.2d 27, 29 (N.D. 1971). Because N.D.R.Civ.P. 52(a) has been

1

amended to exclude de novo review in juvenile cases, there is no reason to retain de novo review under the Revised Uniform Adoption Act, and we overrule those cases applying the procedure for de novo review under the Act. *See, e.g., Adoption of J.W.M.*, 532 N.W.2d 372, 379 (N.D. 1995); *Adoption of P.R.D.*, 495 N.W.2d 299, 302 (N.D. 1993); *Adoption of Lackey*, 362 N.W.2d 66, 68 (N.D. 1985); *Pritchett v. Executive Dir. of the Soc. Serv. Bd.*, 325 N.W.2d 217, 220 (N.D. 1982). Rule 52(a), N.D.R.Civ.P., governs our standard of review in this case."

*In re Adoption of S.R.F.*, 2004 ND 150, ¶ 7, 683 N.W.2d 913.

[¶4]   Jon J. Jensen, C.J.
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte
       Douglas A. Bahr