# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 200

In the Interest of J.S., Jr., Minor Child

State of North Dakota, and the Director of the
Roughrider North Human Service Zone,                Petitioners and Appellees

     v.

J.S., Jr., a child; J.S., Sr., their father;
and the Executive Director of the North
Dakota Department of Human Services,                Respondents

     and

S.K., their mother,                Respondent and
Appellant

## No. 20240257

In the Interest of N.S., Minor Child

State of North Dakota, and the Director of the
Roughrider North Human Service Zone,                Petitioners and Appellees

     v.

N.S., a child; J.S., Sr., their father;
and the Executive Director of the North
Dakota Department of Human Services,                Respondents

     and

S.K., their mother,                Respondent and
Appellant

In the Interest of B.S., Minor Child

| | |
|---|---|
| State of North Dakota, and the Director of the Roughrider North Human Service Zone, | Petitioners and Appellees |
| v. | |
| B.S., a child; J.S., Sr., their father; and the Executive Director of the North Dakota Department of Human Services, | Respondents |
| and | |
| S.K., their mother, | Respondent and Appellant |

Appeal from the Juvenile Court of Stark County, Southwest Judicial District, the Honorable Dann E. Greenwood, Judge.

AFFIRMED.

Per Curiam.

Amy G. Pikovsky, Assistant State's Attorney, Dickinson, ND, for petitioners and appellees; submitted on brief.

Justin M. Balzer, Bismarck, ND, for respondent and appellant; submitted on brief.

**Interest of J.S., N.S., and B.S.**
**Nos. 20240257-20240259**

**Per Curiam.**

[¶1]   S.K. appeals from a juvenile court's order terminating her parental rights to J.S., Jr., N.S., and B.S. S.K. argues the court erred in finding there was clear and convincing evidence to terminate her parental rights, and the court abused its discretion in terminating her parental rights.

[¶2]   After review of the record, we conclude the juvenile court's findings are not clearly erroneous and the court did not abuse its discretion when it terminated S.K.'s parental rights. *See In re A.C.*, 2022 ND 123, ¶ 5, 975 N.W.2d 567 (the clearly erroneous standard of review applies to factual findings made in a termination of parental rights proceeding); *see also In re A.P.*, 2022 ND 131, ¶ 2, 976 N.W.2d 244 (whether terminating parental rights would promote the child's welfare is left to the court's discretion when the required elements are proven by clear and convincing evidence). We summarily affirm under N.D.R.App.P. 35.1(a)(2) and (4).

[¶3]   Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr