# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 203

In the Interest of A.D.-B., a Child

State of North Dakota,                                    Petitioner and Appellee

v.

A.D.-B., a child; J.D., mother,                          Respondents

and

M.B., father,                                            Respondent and Appellant

### No. 20250371

In the Interest of M.D.-B., a Child

State of North Dakota,                                    Petitioner and Appellee

v.

M.D.-B., a child; J.D., mother,                          Respondents

and

M.B., father,                                            Respondent and Appellant

### No. 20250372

In the Interest of C.B., a Child

State of North Dakota,                                    Petitioner and Appellee

    v.

C.B., a child; J.D., mother,                                        Respondents

    and

M.B., father,                                        Respondent and Appellant

_____

No. 20250373

_____

Appeals from the Juvenile Court of Ward County, North Central Judicial District, the Honorable Richard L. Hagar, Judge.

AFFIRMED.

Per Curiam.

Rozanna C. Larson, State's Attorney, Minot, ND, for petitioner and appellee.

Eric P. Baumann, Minot, ND, for respondent and appellant.

**Interest of A.D.-B., M.D.-B., & C.B.**
**Nos. 20250371 - 20250373**

**Per Curiam.**

[¶1]   M.W.B., the father of A.D.-B., M.D.-B., and C.B., appeals from an order terminating his parental rights.

[¶2]   A juvenile court's findings of fact in a parental termination proceeding are reviewed under the clearly erroneous standard of N.D.R.Civ.P. 52(a). *In re A.C.*, 2022 ND 123, ¶ 5, 975 N.W.2d 567. "Under the clearly erroneous standard of review, we affirm the decision of the juvenile court unless it is induced by an erroneous view of the law, if there is no evidence to support it, or if, on the entire record, we are left with a definite and firm conviction a mistake has been made." *In re A.L.E.*, 2018 ND 257, ¶ 4, 920 N.W.2d 461.

[¶3]   This case is governed by the Indian Child Welfare Act (ICWA), which requires "evidence beyond a reasonable doubt that continued custody of the Indian child by the parent . . . is likely to result in serious emotional or physical damage to the Indian child" before a court may order termination of parental rights. N.D.C.C. § 27-19.1-01(4); 25 U.S.C. § 1912(f); *see also* N.D.C.C. § 27-20.2-15(4) (same).

[¶4]   Based upon our review of the record, the juvenile court's finding the evidence established beyond a reasonable doubt that continued custody of the three children was likely to result in serious emotional or physical damage was not clearly erroneous. We summarily affirm under N.D.R.App.P. 35.1(a)(2).

[¶5]   Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr

1