# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2026 ND 32

Interest of S.M., a Child

State of North Dakota,                                    Petitioner and Appellee

    v.

S.M., Child; R.M., Mother (Deceased);

Sharla Price, Guardian ad Litem,                              Respondents

     and

T.B., Jr., Father,                              Respondent and Appellant

## No. 20260006

Appeal from the Juvenile Court of Burleigh County, South Central Judicial District, the Honorable Kendra M. Richard, Judicial Referee.

AFFIRMED.

Per Curiam.

Mary E. Melech, Assistant State's Attorney, Bismarck, ND, for petitioner and appellee; submitted on brief.

Brooke A. Benson, Bismarck, ND, for respondent and appellant; submitted on brief.

**Interest of S.M.**
**No. 20260006**

**Per Curiam.**

[¶1]   T.B. (the Father) appeals from a juvenile court's findings and order terminating his parental rights to S.M.

[¶2]   A juvenile court's findings of fact in a parental termination proceeding are reviewed under the clearly erroneous standard of N.D.R.Civ.P. 52(a). *In re A.C.*, 2022 ND 123, ¶ 5, 975 N.W.2d 567. "Under the clearly erroneous standard of review, we affirm the decision of the juvenile court unless it is induced by an erroneous view of the law, if there is no evidence to support it, or if, on the entire record, we are left with a definite and firm conviction a mistake has been made." *In re A.L.E.*, 2018 ND 257, ¶ 4, 920 N.W.2d 461.

[¶3]   This case is governed by the Indian Child Welfare Act (ICWA), which requires "affirmative, active, thorough, and timely efforts intended primarily to maintain or reunite an Indian child with the Indian child's family." N.D.C.C. § 27-19.1-01(1)(a). Before a court may order termination of parental rights, ICWA further requires the court determine, "by evidence beyond a reasonable doubt that continued custody of the Indian child by the parent . . . is likely to result in serious emotional or physical damage to the Indian child." N.D.C.C. § 27-19.1-01(4); 25 U.S.C. § 1912(f); *see also* N.D.C.C. § 27-20.2-15(4) (same).

[¶4]   Based upon our review of the record, the juvenile court's findings S.M. is deprived, the conditions and causes of the deprivation are likely to continue, and S.M. is suffering, or will in the future probably suffer, serious physical, mental, moral, or emotional harm are not clearly erroneous. The juvenile court's findings active efforts were made to maintain or reunite S.M. with his family and the evidence established beyond a reasonable doubt that the continued custody of S.M. by T.B. is likely to result in serious emotional or physical damage to S.M. are not clearly erroneous. The juvenile court did not abuse its discretion in

1

terminating T.B.'s parental rights to S.M. We summarily affirm under N.D.R.App.P. 35.1(a)(2) and (4).

[¶5]    Lisa Fair McEvers, C.J.
        Daniel J. Crothers
        Jerod E. Tufte
        Jon J. Jensen
        Douglas A. Bahr