# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2026 ND 37

In the Interest of D.G., a child

| | |
|---|---|
| North Star Human Service Zone, | Petitioner and Appellee |
| v. | |
| D.G., child, S.F., mother, | Respondents |
| and | |
| G.G., father, | Respondent and Appellant |

### No. 20250432

In the Interest of D.G., a child

| | |
|---|---|
| North Star Human Service Zone, | Petitioner and Appellee |
| v. | |
| D.G., child, S.F., mother, | Respondents |
| and | |
| G.G., father, | Respondent and Appellant |

### No. 20250433

Appeal from the Juvenile Court of Williams County, Northwest Judicial District, the Honorable Benjamen J. Johnson, Judge.

REMANDED WITH INSTRUCTIONS.

Opinion of the Court by Fair McEvers, Chief Justice.

Nathan K. Madden, Assistant State's Attorney, Williston, ND, for petitioner and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for respondent and appellant.

**Fair McEvers, Chief Justice.**

[¶1]   G.G., the father of D.G. and D.G., appeals from juvenile court judgments terminating his parental rights. We remand the juvenile court judgments with instructions for the court to make a finding on whether the Indian Child Welfare Act (ICWA) applies. We retain jurisdiction under N.D.R.App.P. 35(a)(3)(B).

I

[¶2]   On June 24, 2020, the children were removed from the parental home. The juvenile court subsequently determined the children were in need of protection. Since that time, the children have remained under the care, custody, and control of North Star Human Service Zone. In 2022, the State filed petitions to terminate parental rights, and the petitions were denied.

[¶3]   On April 1, 2025, the State filed petitions to terminate the parental rights of G.G. and the children's mother, S.F. At an adjudication hearing on the petitions, the juvenile court found termination of G.G.'s and S.F.'s parental rights would be in the children's best interests and ordered termination of those rights on the record. The court entered subsequent written findings in its orders for judgment. Neither the court's oral nor written findings stated whether ICWA applied. The juvenile court entered judgments terminating parental rights on November 13, 2025. G.G. timely appealed.

II

[¶4]   G.G. argues the juvenile court's findings were inadequate as the court failed to find whether ICWA applied. The State argues the court did not err as ICWA was inapplicable.

[¶5]   We review a juvenile court's findings of fact in a termination proceeding under the clearly erroneous standard of review. *Int. of J.C.*, 2025 ND 217, ¶ 6, 29 N.W.3d 598. "A finding of fact is clearly erroneous if it is induced by an

erroneous view of the law, no evidence exists to support it, or if it is clear a mistake has been made." *Int. of A.P.*, 2024 ND 43, ¶ 12, 4 N.W.3d 232.

[¶6] "In addition to state law requirements, the requirements of the Indian Child Welfare Act, 25 U.S.C. § 1912, must be met in cases involving an Indian child as defined by the Act." *Int. of A.C.*, 2022 ND 123, ¶ 8, 975 N.W.2d 567 (quoting *Int. of K.B.*, 2021 ND 106, ¶ 4, 961 N.W.2d 293); *see* 25 U.S.C.A. § 1903(4) (West 2019) (defining "Indian child"). In termination of parental rights cases where a juvenile court "*knows or has reason to know* that an Indian child is involved," ICWA imposes a duty on the court to notify the parent or Indian custodian and the child's tribe of the proceedings and their right to intervene. 25 U.S.C.A. § 1912(a) (West 2023) (emphasis added); N.D.C.C. § 27-19.1-03 (discussing requirements for proceedings involving an Indian child who the court knows or has reason to know may be an Indian child). Neither the federal nor state version of ICWA describes how a court "has reason to know." However, the Code of Federal Regulations provides:

> (a) State courts must ask each participant in an emergency or voluntary or involuntary child-custody proceeding whether the participant knows or has reason to know that the child is an Indian child. The inquiry is made at the commencement of the proceeding and all responses should be on the record. State courts must instruct the parties to inform the court if they subsequently receive information that provides reason to know the child is an Indian child.

25 C.F.R. 23.107(a) (2016); *see also* 25 C.F.R. 23.107(c) (2016) (providing post-inquiry circumstances and responses which give a court "reason to know" an Indian child is involved). If after making the initial inquiry, the court knows or has reason to know an Indian child is involved, the child's tribe must be notified of the proceeding and the tribe's right to intervene. 25 U.S.C. § 1912(a) (2013). The juvenile court must make a threshold determination whether an Indian child is involved in the case. *In re M.R.*, 2015 ND 233, ¶ 16, 870 N.W.2d 175. "The burden of proof is upon the party asserting ICWA's applicability to produce evidence for the court to decide whether a child is an Indian child." *Id.*

[¶7]    Here, we are unable to discern from the limited record on the 2025 petition of any instance where the juvenile court made the threshold inquiry of whether ICWA applied. Without this information, we are unable to review whether the court applied the correct standard in terminating G.G.'s and S.F.'s parental rights. We conclude juvenile courts must make a threshold inquiry as to ICWA applicability for each new petition in termination of parental rights proceedings. The absence of findings as to whether ICWA applied clearly demonstrates a mistake by the juvenile court. Therefore, the court's findings are clearly erroneous.

## III

[¶8]    We remand the case to the juvenile court for no more than 45 days with instructions to make a finding on whether ICWA applied based on the currently existing record or the court in its discretion may receive additional evidence if necessary to make the required finding. Depending on the finding, the court may or must reassess its decision of whether to terminate parental rights. We retain jurisdiction under N.D.R.App.P. 35(a)(3)(B).

[¶9]    Lisa Fair McEvers, C.J.
        Daniel J. Crothers
        Jerod E. Tufte
        Jon J. Jensen
        Douglas A. Bahr