# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2026 ND 76

In the Interest of D.G., a child

North Star Human Service Zone,                    Petitioner and Appellee

v.

D.G., child, S.F., mother,                    Respondents

and

G.G., father,                    Respondent and Appellant

## No. 20250432

In the Interest of D.G., a child

North Star Human Service Zone,                    Petitioner and Appellee

v.

D.G., child, S.F., mother,                    Respondents

and

G.G., father,                    Respondent and Appellant

## No. 20250433

Appeal from the Juvenile Court of Williams County, Northwest Judicial District, the Honorable Benjamen J. Johnson, Judge.

AFFIRMED.

Per Curiam.

Nathan K. Madden, Assistant State's Attorney, Williston, ND, for petitioner and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for respondent and appellant.

**Interest of D.G. & D.G.**
**Nos. 20250432 & 20250433**

**Per Curiam.**

[¶1]   G.G. appeals from juvenile court judgments terminating his parental rights. He argues the court's findings of fact were inadequate for failure to make a finding on whether the Indian Child Welfare Act (ICWA) applied. This Court concluded juvenile courts must make a threshold inquiry as to the applicability of ICWA for each new petition in termination of parental rights proceedings and the court's findings were insufficient. *Int. of D.G.*, 2026 ND 37, ¶ 7, 31 N.W.3d 652. We retained jurisdiction under N.D.R.App.P. 35(a)(3)(B) and remanded with instructions to make findings on whether ICWA applied. *Id*. ¶ 8.

[¶2]   The juvenile court held an evidentiary hearing on remand. Social services presented testimony and several Indian tribes' negative responses to enrollment inquiries. Neither parent attended the hearing, and no evidence was presented indicating ICWA applied. The juvenile court made additional findings and concluded ICWA did not apply.

[¶3]   The juvenile court noted its application of the clear and convincing evidence standard in the previous order and judgment and found its initial findings and termination decision were unaffected by its finding on ICWA's inapplicability. *See Int. of A.C.*, 2022 ND 123, ¶ 7, 975 N.W.2d 567 (applying clear and convincing evidence standard to termination proceedings not involving Indian child); *see also* 25 U.S.C.A. § 1903(4) (defining "Indian child" for ICWA invocation purposes).

[¶4]   The parties did not request additional briefing or oral argument under N.D.R.App.P. 35(a)(3)(B)(ii). Upon review of the record, we conclude the juvenile court did not clearly err in finding ICWA did not apply. No other factual findings were challenged on appeal. We summarily affirm under N.D.R.App.P. 35.1(a)(2).

[¶5]   Lisa Fair McEvers, C.J.
         Jerod E. Tufte
         Jon J. Jensen

1

Douglas A. Bahr

Mark A. Friese

[¶6]   The Honorable Daniel J. Crothers, a member of the Court when this case was originally decided, retired effective February 28, 2026, and did not participate in the decision after remand.